Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED'10 SEP 7 12:43USDC-ORM

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **JOANN MURRAY,** | Case No.: 10-3089-CL |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.  Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.  Plaintiff, JoAnn Murray ("Plaintiff"), is a natural person residing in Jackson

Complaint – Page 1


# 2153

County, Oregon.

4.  Defendant, Portfolio Recovery Associates, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.  All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.  Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.  On or about April 14, 2010, Defendant called Plaintiff's telephone number, (541) 499-0807, for the first time. Plaintiff attempted to answer the call but only received "dead air" in response.

10. On April 16, 2010, Defendant received another call to the same number from Defendant. Defendant again attempted to answer the call, and again nobody was there to respond when she answered.

11. After the April 16, 2010, call, Defendant decided to call back the number that appeared on her caller ID, which was 847-678-9710. When she did so, she reached

Defendant and asked Defendant not to call her telephone any more.

12. Over approximately the next week after the conversation in paragraph 11, above, Defendant called Plaintiff's telephone number approximately 5 more times. 2 of the times, Plaintiff attempted to answer the phone but there was no one on the other end.

13. On information and belief, the calls by Defendant to Plaintiff's phone were made with an auto-dialer and Defendant did not take sufficient care to ensure that an actual person or automated recording would be available when Plaintiff answered the calls. It was an abusive and harassing practice by Defendant to place phone calls to Plaintiff while failing to make anyone available to talk with her when she answered.

14. It was an equally abusive and harassing practice by Defendant to call Plaintiff multiple times after Plaintiff called Defendant and made it abundantly clear that she wanted all calls to stop.

15. On information and belief, Plaintiff owes no debt to Defendant or any of its clients. Plaintiff believes this because she has been called by other collection agencies about a person that Plaintiff surmises was the previous owner of her phone number. The name of this presumed previous user of her number is "Jennifer Coles."

16. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

17. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and

severe emotional distress.

18. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

19. To the extent Defendant's actions, detailed in paragraphs 8-15, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

21. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692d(5) and the preamble to § 1692d, which generally forbids abusive or harassing behavior by collectors.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 2nd day of September, 2010.

By: /s/ Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff